(No. 15689.—Reversed and remanded.)

THE PEOPLE *ex rel.* Melvin Thaxton, County Collector, Appellee, *vs.* THE MISSOURI PACIFIC RAILROAD COMPANY, Appellant.

*Opinion filed February 19, 1924.*

TAXES—*when court must determine objections on their merits.* Where objections are filed to the county collector's application for judgment two days after the county court has without jurisdiction entered a default judgment for the delinquent taxes, the court must consider the objections and determine them on the merits, and there is no authority for a judgment purporting to overrule the objections on the ground that they were filed too late. (*People* v. *Coal Belt Electric Railway Co. ante,* p. 29, followed.)

APPEAL from the County Court of Williamson county; the Hon. A. D. MORGAN, Judge, presiding.

LEON A. COLP, and JOSIAH WHITNEL, (EDWARD J. WHITE, GEORGE B. WHITE, and L. O. WHITNEL, of counsel,) for appellant.

D. L. DUTY, State's Attorney, RAY D. HENSON, and GEORGE T. CARTER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county collector of Williamson county applied to the county court on the first day of the June term, 1923, for judgment against the property of the appellant, the Missouri Pacific Railroad Company, delinquent for taxes of 1922. To establish the fact of jurisdiction of the appellant to render the judgment prayed for, he presented a

certificate of the publication in a newspaper of a list of lands and lots delinquent for taxes, and the court entered judgment by default against the appellant for the taxes. Two days later, on June 6, 1923, the appellant appeared and filed objections to various taxes. The court heard the objections and the evidence in support of them, and afterward, on June 27, 1923, entered a judgment reciting that the judgment by default was in full force and effect and the objections were filed too late and were therefore overruled. The objections could not be overruled for the reason stated, which would be a finding that they were not well taken, and the order was equivalent to striking them from the files because the appellant had no right to file them. An appeal from the judgment was allowed and perfected.

The appellant, by the brief and argument in its behalf, contends that the court was without jurisdiction to enter the judgment by default and the judgment was therefore void and the court erred in not deciding the case·on the merits. Counsel for the appellee state that the case is identical with that of *People* v. *Coal Belt Electric Railway Co.* (*ante,* p. 29;) that the decision in that case will be controlling in this, which is therefore submitted without argument to be so controlled.

The decision in the case referred to is that the county court was without jurisdiction to enter the judgment by default and acquired jurisdiction of the appellant only by its entry of appearance and filing the objections, which the court was bound to hear and determine on the merits. Accordingly, the judgment in this case is reversed and the cause remanded, with directions to consider the objections and determine them on the merits.

*Reversed and remanded, with directions.*